UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PRAM NGUYEN, ) | |
| ) | Case No. 1:99-CV-02990 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| CITY OF CLEVELAND, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |

Before the court are (1) plaintiff Pram Nguyen's ("Nguyen") motion for summary judgment [Docket No. 60], (2) defendant Parsons Engineering Science, Inc.'s ("Parsons") motion for summary judgment [Docket No. 56], and (3) defendant the City of Cleveland's (the "City") motion for summary judgment [Docket No. 59] on Nguyen's claim for retaliation in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). For the following reasons, the court grants Nguyen's motion, denies Parsons and the City's motions, and orders that this matter proceed to trial on the issue of damages and other relief owed to Nguyen on October 30th, 2006 at 9:30 a.m.

**I.     Background**

Prior to filing his *qui tam* action, Nguyen worked as an engineer for the City's Bureau of Air Pollution Control (the "Bureau"). He resigned from that position in July 1998, and went to work for Parsons, which was employed by the City as a contractor, working on City-related projects, including projects at Cleveland-Hopkins International Airport (the "Airport"). Shortly after starting at Parsons, Nguyen filed a *qui tam* action against the City in which he alleged misuse of federal money by the City in the operations of the Bureau. The case against the City was placed under seal, and Nguyen did not reveal to anyone other than the United States Government (the "Government")

that he had filed the suit against the City. The Government then began an investigation into the Bureau's records. During this period of time, neither the City nor Parsons knew that Nguyen was behind the investigation.

The United States eventually intervened in Nguyen's *qui tam* case against the City and on June 11, 1999, the case was unsealed. Shortly thereafter, a newspaper article in the Cleveland Plain Dealer described the *qui tam* action against the City and identified Nguyen as the relator. David Brown ("Brown"), who was a project manager at the Airport for Parsons, was then contacted by City officials – specifically the Mayor's Chief of Staff, Lavonne Sheffield McClain ("McClain"), and Solomon Balraj ("Balraj"), Director of the Airport. McClain and Balraj told Brown, in separate conversations, that they did not want Nguyen to have access to any City files and did not want him to work on any project with the City because of the *qui tam* action that he had filed. After his conversations with Balraj and McClain, Brown discussed the situation with William Hughes ("Hughes"), who directed Parsons's operations in Cleveland. Hughes and Brown then removed Nguyen from all City-related projects, including the project at the Airport.

The projects at the Airport were a substantial portion of Nguyen's work. Nguyen's work on City projects, particularly the work on the Airport, was then given to another Parsons engineer, who spent the majority of his time working on Airport-related projects between June and December 1999, when Nguyen was terminated by Parsons.

## II. Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material

-2-

fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004). If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

    **A.**    **Nguyen's Motion for Summary Judgment**

A claim for retaliation in violation of the FCA has three elements:

> Although the FCA retaliation claim is sometimes discussed as requiring a two part test, § 3730(h) indicates that a FCA retaliation claim must demonstrate that 1) the employee engaged in 'protected activity', which is 'acts done . . . in furtherance of an action under this section'; and 2) the employee was discriminated against or discharged 'because of' that protected activity. The 'because of' prong, however, requires the employee to show that (a) 'the employer had knowledge the employee was engaged in protected activity'; and (b) 'the retaliation was motivated, *at least in part*, by the employee's engaging in protected activity.'

*McKenzie v. BellSouth Telecomm., Inc.*, 219 F.3d 508, 514 n.4 (6th Cir. 2000) (emphasis added) (quoting 31 U.S.C. § 3730(h); S. Rep. No. 99-345, at 35 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5300). Nguyen's *qui tam* action against the City is undisputedly a "protected activity" under the FCA, and the newspaper article notified both Parsons and the City that Nguyen had engaged in protected activity. Finally, Hughes and Brown both confirmed that their removal of Nguyen from all City-related projects was motivated at least in part, if not completely, by Nguyen's *qui tam* action.[1]

"'Once these elements have been satisfied, the burden of proof shifts to the employer to prove affirmatively that the same decision would have been made even if the employee had not engaged in protected activity.'" *Norbeck v. Basin Elec. Power Co-op.*, 215 F.3d 848, 851 (8th Cir. 2000) (quoting S. Rep. No. 99-345, at 35 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5300). Parsons argues that it terminated Nguyen because of lack of work. However, that lack of work was caused (almost completely) by Parsons pulling Nguyen off of City-related projects at the City's request. Those projects had constituted the bulk of Nguyen's work. On the undisputed facts, it is clear that there is no genuine issue of material fact, and that Nguyen has established all three

---

[1] There has been some discussion in this case by the parties about the *McDonnell Douglas* burden-shifting scheme for retaliation claims. However, because Nguyen has provided direct evidence of retaliatory intent, that burden-shifting scheme does not apply. *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 381-82 (6th Cir. 2002) (citing *Christopher v. Stouder Mem'l Hosp.*, 936 F.2d 870, 879 (6th Cir. 1991)).

-4-

elements of his retaliation claim as a matter of law. In addition, the court finds that as a matter of law, Parsons would not have made the same decisions – to pull Nguyen off of all City-related projects, and to then terminate him because of a lack of work – in the absence of the *qui tam* action.

Therefore, the court grants Nguyen's motion for summary judgment and enters partial judgment in his favor on the issue of liability. The trial is reset for October 30, 2006, and will proceed, to establish Nguyen's damages.

### B. The City's Motion for Summary Judgment

The City makes two basic arguments in its motion for summary judgment. First, it argues that because Nguyen was not employed by the City at the time of retaliation, the City cannot be held liable under the FCA. However, this court, in its November 21, 2000 Memorandum and Order [Docket No. 28], held that "[31 U.S.C.] § 3730(h) permits suits against an employer even if it did not employ the plaintiff at the time he took action protected by the FCA." *Nguyen v. City of Cleveland*, 121 F.Supp.2d 643, 648 (N.D. Ohio 2000).

Second, the City argues that there is no evidence that the City influenced Parsons's decision to remove Nguyen from City-related projects or Nguyen's eventual termination. That argument is flatly incorrect, as the sworn testimony of Hughes and Brown makes clear. That direct evidence of the City's retaliatory intent is more than enough to satisfy the third element of Nguyen's retaliation claim under the FCA. The City's specious argument that it did not wish Parsons to terminate Nguyen is also immaterial. Even if the City didn't want Nguyen *terminated*, it certainly wanted to *retaliate* against Nguyen. The court therefore denies the City's motion for summary judgment.

### C. Parsons's Motion for Summary Judgment

Parsons does not and cannot dispute the evidence establishing, as a matter of law, the first

two elements of Nguyen's retaliation claim. Nor does it dispute that it removed Nguyen from City-related projects as a result of the *qui tam* action. The only argument Parsons presents is that its actions are somehow justified – are somehow, by definition, *not* "retaliation" – because of the purported "conflict of interest" created by Nguyen's *qui tam* action. However, Parsons has presented no authority of any kind to support this argument. Parsons attempts to analogize this situation to one faced by a law firm, which needs to remove a lawyer from work because that lawyer is suing the client in a separate action. However, Parsons does not provide any authority describing its "analogous" situation, much less why the court should treat Nguyen, an engineer, the same as an attorney, when the two are bound by different codes of conduct and different legal principles.

In effect, Parsons is saying that it did something which would otherwise objectively be retaliatory, but which is by some definition not retaliatory because of a need to protect against a "conflict of interest". Without any authority in support of that assertion, much less authority indicating that such a situation should overrule the clear statutory command of 31 U.S.C. § 3730(h), the court must reject that argument and deny Parsons's motion for summary judgment.

### III. Conclusion

For the foregoing reasons, the court grants Nguyen's motion for summary judgment [Docket No. 60] and denies Parsons and the City's motions for summary judgment [Docket Nos. 56, 59]. Judgment is entered for Nguyen on his retaliation claim under the FCA, 31 U.S.C. § 3730(h) as to liability. The trial currently scheduled for Monday, October 30, 2006, will go forward as scheduled, but will be limited to the issue of damages and other relief owed to Nguyen for the retaliation claim.

IT IS SO ORDERED.

                                              /s/Ann Aldrich  
                                              ANN ALDRICH  
                                              UNITED STATES DISTRICT JUDGE

**Dated: October 13, 2006**