UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PRAM NGUYEN, | ) | |
| | ) | Case No. 1:99-CV-02990 |
| Plaintiff, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court are defendant Parsons Engineering Science, Inc.'s ("Parsons") motion for reconsideration of the court's October 13, 2006 order granting summary judgment on the issue of liability to plaintiff Pram Nguyen's ("Nguyen") claim for retaliation in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h) [Docket No. 119] and Nguyen's motion to strike [Docket No. 123]. For the following reasons, the court grants the motion to strike, grants in part and denies in part the motion for reconsideration, and denies the request for stay. The court vacates its grant of summary judgment to Nguyen as to liability on his claim that he was terminated in retaliation for his *qui tam* action. This case shall proceed to trial on Monday, November 27, 2006 on damages only with respect to Nguyen's claim that Parsons retaliated by removing him from projects related to defendant City of Cleveland (the "City") and on both liability and damages on Nguyen's claim of retaliatory termination.

## I.     Background

Following an attempt at arbitration, the court directed the parties to file supplemental summary judgment briefs in a telephone status conference held on August 4, 2006. Nguyen, Parsons and the City filed their respective briefs and responses. In its order dated October 13, 2006 [Docket No. 116], the court denied Parsons and the City's motions for summary judgment and granted summary judgment on

the issue of liability to Nguyen and ordered that the trial proceed on damages only. Parsons filed the instant motion to reconsider, raising four arguments and arguing that if the court did not reconsider its earlier order, it should stay this matter and certify an interlocutory appeal to the Sixth Circuit. The City filed a brief in support of Parsons's motion [Docket No. 125].

Upon further review, the court notes that the quantity of Nguyen's work, as well as the eventual reasons for his termination are unclear and there remain genuine issues of material fact concerning what amount of time Nguyen spent on City-related projects for Parsons both before and after he was revealed as the relator in the *qui tam* action against the City. The affidavit of William Hughes ("Hughes") sets out information that seeks to resolve those issues. However, despite the fact that Hughes was available to set out these facts in an affidavit prior to the court's ruling on summary judgment - - prior even to Parsons's filing of its original summary judgment briefs, much less its supplemental briefs - - Parsons waited until *after* the court's ruling to proffer this information. While the court sees no reason to exclude Hughes from testifying at trial to the facts contained in his affidavit, the lack of any excuse offered by Parsons for waiting until now to create, file and rely upon this information is perplexing. Nguyen has filed a motion to strike Hughes's affidavit.

## II.    Discussion

Parsons raises four arguments in support of its motion for reconsideration: (1) that its actions were not those any reasonable employee would consider materially adverse, so that its actions were, by definition, not retaliation; (2) even if its actions were retaliatory, Parsons had an "honest belief" that its actions were legal, and should therefore be shielded from liability; (3) Parsons's decision to remove Nguyen from City-related projects was made before anyone from the City requested it; and (4) the evidence demonstrates that Parsons would have terminated Nguyen anyway, because of his inability to

-2-

bring in business and communicate with existing clients. The court rejects all four of Parsons's arguments.

Parsons's first argument attacks the court's finding that removing Nguyen from City-related projects as a result of the *qui tam* action was adverse employment action, in effect arguing that its conduct was by definition not retaliatory. Parsons first points to a recent Supreme Court decision which more precisely defines the nature of adverse employment action that constitutes retaliation. *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405 (2006). In *White*, the Supreme Court held that a "plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.''" 126 S.Ct. at 2415 (citation omitted). The Supreme Court referred to "*material* adversity" in an effort to "separate significant from trivial harms." *Id.* (emphasis in original). Parsons argues, then, that "no reasonable employee would believe that he could sue a party alleging that it knowingly engaged in fraud, and then attempt to work as a professional on behalf of that party." Def.'s Br. at 4 [Docket No. 119]. However, Parsons cites only one case in support of that proposition.

In *Watson v. City of Cleveland*, the Sixth Circuit in an unpublished opinion, affirmed summary judgment in part because removing an equal employment opportunity investigator once she had filed her own claim of discrimination because of a conflict of interest did not constitute retaliation under *White*. No. 05-3519, 2006 WL 2571948, at *8 (6th Cir. Sept. 8, 2006). The court notes first the marginal authority in an unpublished disposition. 6TH CIR. R. 28(g); *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 591 (6th Cir. 2001) (noting that "unpublished opinions are never controlling authority" and holding that a district court's reliance on such an opinion was in error). Second, the court notes that the

Sixth Circuit in that unpublished opinion did not cite any authority for the proposition that removal for purported "conflict of interest" purposes is *never* retaliatory, nor did it take such a position. Third, the court notes that *Watson* and this case are distinguishable. *Watson* involved a woman whose job with the City was to investigate charges of discrimination made by individuals against the City. When that woman filed her own complaint against the City, it was clear that her belief was that the City discriminated against her; given that belief, it is not difficult to understand that her investigation of other claims would be colored by that belief. Nguyen, on the other hand, was not charged by Parsons with investigating claims of fraud in the use of federal funds by the City, but with performing work in a professional capacity for the City at Parsons's direction.

Finally, the court points out, as it did in its October 13th order, that Parsons's proposed definition of "retaliation" to exclude alleged "conflict of interest"-based employment actions would gut the protections for whistleblowers in the FCA and in every other anti-retaliation statute, if those whistleblowers happened to be professionals of any kind. Contrary to Parsons's suggestion, the court finds that those statutes would, in fact, lead a reasonable employee to believe "that he could sue a party alleging that it knowingly engaged in fraud, and then attempt to work as a professional on behalf of that party." In other words, given the strong and explicit language in the FCA directing protection of whistleblowers whether they be "professionals" or not, this court finds that, even if it had any precedential value, *Watson* does not stand for the proposition that removal for purported "conflict of interest" purposes is *never* retaliatory.

Parsons next argues that even if its actions were retaliatory, it had an honest belief that those actions were legitimate, non-retaliatory reasons and should thus be shielded from liability by the "honest belief" doctrine as adopted by the Sixth Circuit. *Smith v. Chrysler Corp.*, 155 F.3d 799, 806-07 (6th Cir.

1998). However, in every single Sixth Circuit case citing *Smith* for the "honest belief" doctrine, the employer at issue had an "honest belief" about a question of *fact* that created a legitimate, non-retaliatory reason for adverse employment action. *See, e.g., Wright v. Murray Guard, Inc.*, 455 F.3d 702, 708-09 (6th Cir. 2006). Parsons, however, asks this court to excuse Parsons's belief that it was legally justified in its removal of Nguyen from all City-related projects because of the *qui tam* action - - asking this court to excuse Parsons because of its "honest belief" on a question of *law*. None of the cases - - published or not - - citing *Smith* and the "honest belief" doctrine do so to excuse honest if erroneous beliefs on questions of law; all of those cases focus on whether the employer's investigation into the purported legitimate reasons were enough to "establish its reasonable reliance" on "particularized facts" supporting those reasons. *Id.* at 708 (citation omitted). Here, there is no dispute about the facts surrounding Parsons's decision to remove Nguyen from City-related projects. Parsons's decision was made because of Nguyen's *qui tam* action. As described above, Parsons's belief that it's decision was legitimate is erroneous. And as this belief concerns whether Parsons's reason is legitimate, not whether it is true - - a question of *law*, not *fact* - - the "honest belief" doctrine does not protect Parsons.

Parsons's third argument is that evidence in the record indicates that Parsons made its decision to remove Nguyen from City-related projects before asked to do so by the City. The court is curious as to why Parsons raises this argument, because, even if true, that fact would be *irrelevant* to the question of liability. Whether Parsons decided to remove Nguyen from City-related projects before or after it heard from the City does not matter one bit, as Nguyen does not have to show that Parsons acted at the City's direction in order to prevail; he merely needs to show that Parsons acted because of the *qui tam* action, and that he has. Nguyen has also shown that the City acted with Parsons in this respect,

-5-

which led to the court's finding of liability against the City, as set forth in the October 13 order.

Finally, Parsons argues that there remain genuine issues of material fact regarding Nguyen's termination, and that the facts in the record and those set out in Hughes's affidavit make this clear. At the outset, the court notes that the information contained in the Hughes affidavit was in Parsons's possession well before the court's October 13 order, and could have been placed into affidavit form and filed along with Parsons's supplemental briefs at the very least. Therefore, the Hughes affidavit is not "newly discovered evidence" and has no place in Parsons's motion for reconsideration. *See, e.g., GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The court therefore grants Nguyen's motion to strike Hughes's affidavit. By granting Nguyen's motion to strike, the court in no way limits the scope of Hughes's prospective testimony at trial. He is free to discuss the reasons for Nguyen's termination at that time.

With respect to the merits of Parsons's final argument, the court also notes that Nguyen has alleged two different sets of retaliatory action in his complaint. First, Nguyen alleged that being removed from all City-related projects was retaliation. Second, Nguyen alleged that his termination was retaliatory. Nothing in the deposition testimony cited by Parsons indicates that there existed any other legitimate, non-retaliatory reason to justify removing Nguyen from all City-related projects. Therefore, the court correctly granted summary judgment on the issue of liability to Nguyen for those acts. However, the deposition testimony does create a genuine issue of material fact concerning the reasons for Parsons's eventual termination of Nguyen-- specifically how much work Nguyen did on City-related projects, and the other alleged reasons for his termination. Therefore, the court vacates its grant of summary judgment on the issue of liability to Nguyen for retaliatory termination.

Finally, the court denies the City and Parsons's request for stay and certification of interlocutory

appeal pursuant to 28 U.S.C. § 1292(b). The court finds that an immediate appeal would not "materially advance the ultimate termination of this litigation" and that this case is not "an exceptional case warranting interlocutory review." *Gen. Acquisition Corp. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) (citation omitted).

### III. Conclusion

For the foregoing reasons, the court grants in part and denies in part Parsons's motion for reconsideration and denies the request for stay [Docket No. 119]. The court's grant of summary judgment as to liability on Nguyen's retaliatory termination claim is vacated, but Nguyen is still entitled to summary judgment as to liability on his claim for retaliatory removal from City-related projects. Nguyen's motion to strike [Docket No. 123] is granted, but the court does not limit the scope of Hughes's prospective testimony at trial.

This case shall proceed to trial on Monday, November 27, 2006 as follows: (1) on damages only with respect to Nguyen's claim that the City and Parsons retaliated by removing him from projects related to the City; and (2) on both liability and damages with respect to Nguyen's claim that he was terminated in retaliation for the *qui tam* action.

IT IS SO ORDERED.

      /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: November 14, 2006**

-7-