IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PRAM NGUYEN, ) | |
| ) | Case No. 1:99-CV-02990 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| CITY OF CLEVELAND, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before the court is defendant Parsons Engineering Science, Inc.'s ("Parsons") motion for partial summary judgment on the issue of emotional distress damages on plaintiff Pram Nguyen's ("Nguyen") claim for retaliation in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h) [Docket No. 57]. For the following reasons, the court denies Parsons's motion.

Nguyen, in filing this action for retaliation in violation of the FCA against Parsons and defendant City of Cleveland (the "City"), seeks emotional distress damages in addition to back pay and compensatory damages. Compl., at 2-3 [Docket No. 1]. Despite Nguyen's claims of retaliation, he apparently retained positive feelings towards Parsons, and was not mistreated or harassed while working there. However, Nguyen claims that as a result of his termination, he has lost confidence, lost the ability to go out with friends because of a lack of money, become depressed, and encountered marital difficulties that led to the end of his twenty-year marriage. Nguyen has not sought professional treatment for his alleged emotional distress.

Summary judgment is appropriate if "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving

party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004). If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The FCA provides for an award of "special damages" sustained, which can include

emotional distress damages. 31 U.S.C. § 3730(h); *Neal v. Honeywell, Inc.*, 191 F.3d 827, 832 (7th Cir.1999). The emotional distress, however, must be caused by the defendant's actions. *Carey v. Piphus*, 435 U.S. 247, 263-64 (1978). The Sixth Circuit has noted that there is no requirement that the distress be "severe" in nature, as *Carey*'s "requirement that actual injury be proven . . . serves merely to ensure that plaintiffs are not compensated for illusory injury." *Chatman v. Slagle*, 107 F.3d 380, 385 (6th Cir. 1997) (citation omitted). While the Sixth Circuit has cited with approval cases where emotional distress damages accompanied by some sort of physical manifestation of the distress, it has not stated that such symptoms are required for there to be "actual" as opposed to "illusory" injury. *Id.* at 384-85 (listing cases); *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215-16 (6th Cir. 1996) (listing cases). Nor does the Sixth Circuit place much stock in reliance on the common law definition of the tort of intentional infliction of emotional distress in determining whether emotional distress damages are available in an employment context. *Chatman*, 107 F.3d at 384.

It is undisputed that Nguyen has not suffered much, if any, physical symptoms from his alleged emotional distress. However, whether Nguyen has suffered distress at all is still a genuine issue of material fact. Moreover, the question of whether Parsons's allegedly unlawful termination of Nguyen in fact caused his emotional distress is still open. Parsons attempts to argue that some kind of "intolerable" behavior on its part is necessary to show that Parsons's termination caused Nguyen's emotional distress. However, the Sixth Circuit has indicated that while harassment or intolerable treatment is sufficient to show cause, they are not necessary elements of an emotional damages claim. The common law structure of emotional distress, which would include the outrageous or extreme conduct requirement, is not dispositive of emotional damage claims in the

-3-

federal context. *Id.* Therefore, there remains a genuine issue of material fact over the cause of Nguyen's emotional distress.

Parsons's additional arguments noting that Nguyen has not experienced much in the way of physical symptoms, and that Nguyen has not sought professional treatment for his alleged emotional distress are best left to trial, as they attack the credibility of Nguyen's asserted damages but do not rule out the presence of those damages.

For the foregoing reasons, the court denies Parsons's motion for summary judgment [Docket No. 57].

IT IS SO ORDERED.

                                            /s/Ann Aldrich
                                        ANN ALDRICH
                                        UNITED STATES DISTRICT JUDGE

**Dated: November 15, 2006**